UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEANDRO HERRERA RIVAS,

      Petitioner,

v.                                                    Case No.:  2:26-cv-01204-SPC-NPM

WARDEN OF FLORIDA SOFT
SIDE SOUTH DETENTION
FACILITY *et al.*,

      Respondents,

                                  /

**<u>OPINION AND ORDER</u>**

Before the Court is Leandro Herrera Rivas's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Herrera Rivas's reply (Doc. 11).  For the below reasons, the Court grants the petition.

Herrera Rivas is a native and citizen of Cuba who entered the United States on September 16, 2022.  A Border Patrol agent issued a Notice and Order of Expedited Removal, but the agent only completed the Determination of Inadmissibility section of the form.  The agent did not complete the Order of Removal section of the form, so Herrera Rivas is not subject to an order of expedited removal.  (*See* Doc. 1-3 at 1).  Instead, Herrera Rivas expressed fear of returning to Cuba and an intention to apply for asylum.  A Department of Homeland Security ("DHS") officer scheduled a credible-fear interview, advised Herrera Rivas to apply for adjustment of status, and released him into

the country. Herrera Rivas timely applied for asylum and adjustment of status under the Cuban Adjustment Act. Both applications remain pending. Herrera Rivas has no criminal history.

At around 8:50 a.m. on March 22, 2026, roving border patrol agents arrested Herrera Rivas during a traffic stop. Later that day, Immigration and Customs Enforcement ("ICE") issued an I-200 arrest warrant at 12:12 p.m., followed by a notice to appear at 12:26 p.m.

Herrera Rivas argues his detention violates the Immigration and Nationality Act and the Fifth Amendment because the government had no statutory basis to arrest and detain him. In response, the government claims it is detaining Herrera Rivas under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), which requires detention of an inadmissible, arriving noncitizens awaiting a credible-fear interview. The evidence says otherwise. The government opted not to detain Herrera Rivas when he arrived in the country and instead released him so he could apply for asylum and adjustment of status. And after Herrera Rivas's recent arrest, DHS issued a I-200 warrant and a notice of custody determination, both expressly under the authority of 8 U.S.C. § 1226. Thus, Herrera Rivas's detention is governed by § 1226.

§ 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant and the arrest is

2

important.  8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).

I-200 warrants issued without a contemporaneous or previously issued notice to appear are invalid.  *Castanon Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 848-53 (N.D. Ill. 2025).  It makes sense.  § 1226(a) authorizes detention of an alien "pending a decision on whether the alien is to be removed from the United States."  A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention.  An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.[1]

Courts in this district and elsewhere have ordered ICE to release detainees who were arrested under I-200 warrants before issuance of a notice to appear.  *See Alejandro Arellano v. Quinones*, No. 26-cv-512-GAP-DCI (M.D. Fla. Mar. 9, 2026); *Landaverde Ardon v. Mina*, No. 6:26-cv-313-JSS-LHP, 2026 WL 530199 (M.D. Fla. Feb. 26, 2026); *Arango v. Genalo*, No. 25-cv-6720 (RER),

---

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained.  *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii).  The respondents do not claim the arresting officer had the requisite probable cause here.

2025 WL 3637500 (E.D.N.Y. Dec. 16, 2025); *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025).

Here, DHS issued and served the I-200 arrest warrant after it arrested Herrera Rivas and before it issued and served the notice to appear. Thus, the government arrested Herrera Rivas without a warrant and before he was in removal proceedings, and the subsequently issued I-200 warrant is invalid. For these reasons, Herrerra Rivas's arrest and detention were unlawful. *See Gopie*, 2025 WL 3167130, at *3 ("ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here.").

Accordingly, it is hereby

**ORDERED**:

Leandro Herrera Rivas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)   The respondents shall release Herrera Rivas within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

5